OPINION
{¶ 1} The defendant-appellant, Kimberly L. Slaven ("Slaven"), appeals the December 15, 2005 Judgment of conviction and sentence entered in the Court of Common Pleas, Auglaize County, Ohio.
 {¶ 2} On August 11, 2005, Slaven and her co-defendant, ("Bachar") stole items from Walmart located in Wapakoneta, Auglaize County, Ohio. The items had a total value of $537.30. They arrived at Walmart in a van that Slaven was driving. Bachar placed the items in a shopping cart while Slaven purchased cigarettes. The two then proceeded toward the exit with Slaven ahead of Bachar by a few feet. Slaven passed through the Walmart anti-theft device and turned around to talk to the Walmart greeter while Bachar went through the anti-theft device. The anti-theft device sounded and the Walmart greeter stopped Bachar before he was able to leave the outside doors of Walmart. He abandoned his cart and attempted to flee. Both, Slaven and Bachar, got to the van and proceeded on I-75. The Wapakoneta Police Department officers stopped the van on I-75 just outside Wapakoneta in Auglaize County, Ohio. Bachar escaped on foot.
 {¶ 3} Through further investigation, Slaven and Bachar were found to have committed the same theft offense on August 8, 2005 at the same Walmart. On August 8, 2005, Bachar placed items in a shopping cart worth the value of $976.19. Again, they both proceeded toward the exit with Slaven ahead of Bachar. Slaven then attempted to distract the Walmart greeter with questions regarding a cell phone. However, the anti-theft device sounded and the Walmart greeter was able to stop Bachar outside the store where Bachar attempted to tell the Walmart greeter that he had purchased the items but was unable to produce a receipt so he fled. The actions of Slaven and Bachar on August 8, 2005 were caught on security cameras.
 {¶ 4} On August 25, 2005, Slaven was indicted by the Auglaize County Grand Jury on two counts of Theft, in violation of R.C.2913.02(A)(2), felonies of the fifth degree. On October 21, 2005, Slaven appeared with counsel and pled guilty to both counts of the indictment. On December 15, 2005, Slaven was sentenced to twelve (12) months incarceration with the Ohio Department of Rehabilitation and Correction on both counts. The sentences were ordered to be run consecutively; therefore, Slaven was to serve a total of twenty-four (24) months.
 {¶ 5} On January 17, 2006, Slaven filed a notice of appeal raising the following assignment of error:
THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THEDEFENDANT-APPELLANT TO THE MAXIMUM SENTENCE ALLOWED BY LAW AND INORDERING THE SENTENCES TO BE RUN CONSECUTIVELY TO EACH OTHER.
 {¶ 6} Slaven alleges in her sole assignment of error that the trial court abused its discretion in sentencing her to the maximum sentence allowed by law and ordering the sentences to be run consecutively.
 {¶ 7} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(C) requiring judicial factfinding for maximum prison terms and R.C. 2929.14(E)(4) requiring judicial findings for consecutive terms. Foster, 2006 Ohio 856, at ¶ 97, 103. Pursuant to the ruling in Foster, Slaven's sole assignment of error is sustained. Therefore, Slaven's sentence is vacated and the case is remanded for further proceedings.
Judgment Vacated and Cause Remanded.
 Bryant, P.J. and Rogers, J., concur.