OPINION *Page 2 
{¶ 1} The defendant-appellant, Kimberly L. Slaven ("Slaven"), appeals the August 9, 2006 Judgment entry regarding orders of re-sentencing entered in the Court of Common Pleas, Auglaize County, Ohio.
 {¶ 2} On August 11, 2005, Slaven and her co-defendant, ("Bachar") stole two digital cameras, two digital camera kits, and a Pepsi from Walmart located in Wapakoneta, Auglaize County, Ohio. The items had a total value of $537.30. They arrived at Walmart in a van that Slaven was driving. Bachar placed the items in a shopping cart while Slaven purchased cigarettes. The two then proceeded toward the exit with Slaven ahead of Bachar by a few feet. Slaven passed through the Walmart anti-theft device and turned around to talk to the Walmart greeter while Bachar went through the anti-theft device. The anti-theft device sounded and the Walmart greeter stopped Bachar before he was able to leave the outside doors of Walmart. He abandoned his cart and attempted to flee. Both, Slaven and Bachar, got to the van and proceeded on I-75. The Wapakoneta Police Department officers stopped the van on I-75 just outside Wapakoneta in Auglaize County, Ohio. Bachar escaped on foot.
 {¶ 3} Through further investigation, Slaven and Bachar were found to have committed the same type of theft offense on August 8, 2005 at the same Walmart. On August 8, 2005, Bachar placed a computer, a sweeper and a deep *Page 3 
fryer in a shopping cart. These items were valued at $976.19. Again, they both proceeded toward the exit with Slaven ahead of Bachar. Slaven then attempted to distract the Walmart greeter with questions regarding a cell phone. However, the anti-theft device sounded and the Walmart greeter was able to stop Bachar outside the store where Bachar attempted to tell the Walmart greeter that he had purchased the items but was unable to produce a receipt so he fled. The actions of Slaven and Bachar on August 8, 2005 were caught on security cameras.
 {¶ 4} On August 25, 2005, Slaven was indicted by the Auglaize County Grand Jury on two counts of Theft, in violation of R.C. 2913.02(A)(2), felonies of the fifth degree. On October 21, 2005, Slaven appeared with counsel and pled guilty to both counts of the indictment. On December 15, 2005, Slaven was sentenced to twelve (12) months incarceration with the Ohio Department of Rehabilitation and Correction on both counts. The sentences were ordered to be run consecutively; therefore, Slaven was to serve a total of twenty-four (24) months.
 {¶ 5} On January 17, 2006, Slaven appealed her sentence with this Court in State v. Slaven, Auglaize App. No. 2-06-02, 2006-Ohio-3763. Her sentence was reversed by this Court on State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856 grounds. On August 9, 2006, another sentencing was held wherein the trial court imposed a sentence identical to the first sentence. *Page 4 
 {¶ 6} On September 8, 2006, Slaven filed a notice of appeal raising the following assignment of error:
 The imposition of maximum and consecutive terms of imprisonment violated Slaven's Due Process Rights.
 {¶ 7} Slaven asserts in her sole assignment of error that the trial court's imposition of a maximum and consecutive term of imprisonment violated her Due Process Rights. Specifically, she alleges that she is entitled to the presumptions of non-maximum and concurrent sentences which were in place at the time of the conduct for which she was convicted.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Regarding new sentences and resentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100. *Page 5 
 {¶ 9} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Slavens to a twenty-four month prison term. Slavens pled guilty to two fifth-degree felonies.
 {¶ 10} Pursuant to R.C. 2929.14(A),
 [t]he court shall impose a definite prison term that shall be one of the following:
 * * *
 For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
 {¶ 11} Slavens could have been sentenced to as little as six months or as much as twenty-four months for the counts that she pled guilty to. In this case, Slavens was sentenced to two years.
 {¶ 12} In addition, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in her argument that her sentence violates the Due Process Clauses. Slavens entered a plea of guilty on October 21, 2005. She was sentenced to a two year prison term on December 15, 2005. She filed a notice of appeal with this Court on January 17, 2006. The Supreme Court of Ohio announced its decision in Foster on February 27, 2006. This Court reversed the judgment of the trial court and remanded the case to the trial court for re-sentencing on July 24, 2006. On August 9, 2006, the trial court re-sentenced Slavens to the same twenty-four month prison term. We note, as to *Page 6 
this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000), 530 U.S. 466,490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion inMcGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for her felonies has remained unchanged, so Slavens had notice of the potential sentence for her offenses.
 {¶ 13} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006, the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442,166 L.Ed.2d 314.
 {¶ 14} Accordingly, we find Slaven's sole assignment of error is overruled and the August 9, 2006 Judgment entry regarding orders of re-sentencing entered in the Court of Common Pleas, Auglaize County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. *Page 1